IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**

06/22/2026

**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

CRISTIHAN ALEXANDER VASQUEZ PEREZ,    )
                                       )
                Petitioner,            )
                                       )
        v.                             )    Case No. 26-3102-JWL
                                       )
TODD M. LYONS, Acting Director, ICE;   )
MARKWAYNE MULLIN, DHS Secretary;       )
TODD BLANCHE, Acting Attorney General; and )
MISTY MACKEY, Warden,                  )
        Midwest Regional Reception Center, )
                                       )
                Respondents.           )
                                       )
_____ )

## MEMORANDUM AND ORDER

Petitioner, through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenged his detention by immigration officials without a bond hearing. By Memorandum and Order of May 11, 2026, the Court granted the petition in part. The Court ruled that petitioner was not subject to mandatory detention under 8 U.S.C. 1225(b)(2)(A) and that he was therefore eligible to seek release on bond under 8 U.S.C. § 1226(a); and it ordered that petitioner be granted a bond hearing on the merits under the latter statute. On May 20, 2026, petitioner received a bond hearing, and the immigration judge (IJ) denied the request for release on bond. Petitioner has now moved for enforcement of the Court's prior order (Doc. # 10), arguing that he was not given a proper hearing on the merits of his request as ordered by the Court because the IJ improperly

considered the issue of his eligibility for bond consideration under Section 1225(b), and that the Court should therefore order his release on bond.  For the reasons set forth below, the Court **grants the motion in part**, and it orders that petitioner be granted a new bond hearing in compliance with the Court's prior order, before a different immigration judge, on or before **June 29, 2026**.

As the Court noted in its prior order – and as respondents concede in their response to the motion – although the Court lacks jurisdiction to review an immigration judge's discretionary denial of release on bond, *see Chen v. Dorneker*, 2021 WL 5769354, at *2 (D. Kan. Dec. 6, 2021) (Lungstrum, J.) (citing 8 U.S.C. § 1226(e)), the Court is not precluded from reviewing an immigration judge's refusal to conduct a hearing based on the issue of eligibility that the Court decided against the Government in the prior order.

The Court finds that the IJ improperly considered the eligibility issue in denying petitioner bond and therefore that petitioner was not given a bond hearing that complied with the Court's prior order.  At the hearing, after hearing argument from each side's counsel (in which the DHS conceded that petitioner did not present a danger to the public), the IJ asked whether the *Avila* decision, in which the Eighth Circuit adopted the interpretation of Section 1225(b) that this Court rejected in its prior order, required the mandatory detention of petitioner without bond.  DHS counsel responded that because this Court found eligibility in ruling on petitioner's habeas petition, DHS was not relying on such an argument; and petitioner's counsel responded that because the hearing was ordered by a habeas court, petitioner would not be ineligible.  Nevertheless, in stating his reasons

2

for denying bond, the IJ, after noting "concerns" about petitioner's being a flight risk, also cited the following concern:

> Additionally, the court is concerned regarding the Eighth Circuit decision in *Avila v. Bondi*.  And may necessarily disagree with the district court [*sic*].

Similarly, when formally announcing his decision on the record, the IJ, after finding a risk of flight, concluded as follows:

> The court is also concerned regarding his eligibility for bond, given the recent decision in *Avila v. Bondi*, . . . Eighth Circuit, March 25, 2026.  In *Avila*, the Eighth Circuit held that non-citizens we entered [*sic*] were considered as seeking admission and are ineligible for a bond hearing . . . .
>
> Given these concerns by the court, the court denies [petitioner's] bond request.[1]

Thus, the IJ explicitly cited ineligibility as a basis for his denial of the bond request.  This Court had already decided that issue as it applied to petitioner, and thus the hearing did not comply with the Court's order that petitioner be given a bond hearing on the merits as if conducted under Section 1226(a), that is, as if petitioner were eligible for release on bond.  Indeed, the IJ even indicated that he may disagree with this Court's ruling on the issue, which suggests in itself that he was not attempting to comply with the Court's habeas order.

Respondents argue that the IJ also cited as a basis for his decision petitioner's failure to show that he is not a flight risk.[2]  The IJ made a discretionary ruling based on a weighing

---

[1]  Although DHS counsel initially stated that the Government was not relying on ineligibility in light of this Court's ruling on the issue, counsel did not speak up when the IJ explicitly relied on that basis in denying the bond request.

[2]  Although it does not review that particular finding by the IJ, the Court does note that the IJ stated that petitioner lacked a current fixed address despite information to the contrary, and that unsupported finding suggests a possible effort by the IJ to cite alternative Continued…

3

of many possible factors, however; thus, it cannot be determined whether the IJ's decision would have been the same if he had not considered an improper factor in his analysis. *See Kumar v. Carnes*, __ F. Supp. 3d __, 2026 WL 1686070 (D.N.M. June 10, 2026) (bond hearing did not comply with a habeas order when the immigration judge cited flight risk and danger in denying bond but alternatively found the alien ineligible under Section 1225(b)). Respondents also note the omission of ineligibility as a factor in the IJ's eventual written order, but again, the IJ made clear at the hearing on the record that his ruling was based in part on his belief that petitioner was ineligible for bond consideration. Finally, respondents note that the same IJ, on the same day, granted release on bond to a different petitioner accorded the same habeas relief in this Court.[3] Respondents have not provided a transcript of that bond hearing, however, and thus it is not known whether, for instance, DHS counsel persuaded the IJ in that case that reliance on ineligibility would be improper. In this petitioner's case, the IJ clearly relied on an improper consideration.

The Court is not persuaded that petitioner could not receive a bond hearing in immigration court that complies with this Court's order; accordingly, the Court denies petitioner's request for release as a remedy for the non-compliant bond hearing. Instead,

---

bases to support a denial based primarily on a belief of petitioner's ineligibility. In the same vein, the IJ also cited petitioner's failure to pay taxes, even though that fact has little to do with the risk of flight; and petitioner's unlawful entry into the United States, even though reliance on that factor would improperly doom any alien's bond request, as the Board of Immigration Appeals (BIA) itself has recognized. *See Ramos v. Perry*, 2026 WL 1747870, at *5 (E.D. Va. June 17, 2026) (decrying an IJ's reliance on those two factors).

[3] The Court grants respondents' motion to keep sealed the immigration judge's order in the other case. Although respondents state that petitioner opposes the motion, petitioner has not filed a response to the motion and did not oppose the motion in his reply brief. The Court concludes that maintaining the seal is appropriate here.

the Court concludes that petitioner should receive a new bond hearing at which petitioner's eligibility for bond consideration is presumed and acknowledged. The Court does agree that the bond hearing should be conducted by a different IJ, to avoid the possibility that the same IJ would, consciously or unconsciously, continue to rely on his concern about eligibility. Accordingly, respondents are ordered to ensure that petitioner is granted a new bond hearing in compliance with the Court's prior order, before a different immigration judge, on or before **June 29, 2026**.

IT IS THEREFORE ORDERED BY THE COURT THAT petitioner's motion to enforce the Court's prior order (Doc. # 10) is hereby **granted in part**, and respondents shall ensure that petitioner is granted a new bond hearing in compliance with the Court's prior order, before a different immigration judge, on or before **June 29, 2026**.

IT IS FURTHER ORDERED BY THE COURT THAT respondents' motion to keep sealed a provisionally sealed exhibit (Doc. # 15) is hereby **granted**.

IT IS SO ORDERED.

Dated this 22nd day of June, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

5